UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER PARKS, DANIELLE VARVARO, and BRAD BOSSERMAN,<br><br>*Plaintiffs,*<br><br>-v-<br><br>JAF COMMUNICATIONS INC. d/b/a THE MESSENGER,<br><br>*Defendant.* | Civil Action No.: 24-cv-1414<br><br>**COMPLAINT** |

Plaintiffs Christopher Parks, Danielle Varvaro, and Brad Bosserman (collectively "Plaintiffs"), by and through their attorneys, for their Complaint against Defendant JAF Communications Inc. d/b/a The Messenger ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a breach of contract action arising out of Defendant's failure to pay severance owed to the Plaintiffs, three (3) former employees, pursuant to their respective employment agreements (collectively "Employment Agreements") with Defendant.

## THE PARTIES

2. Plaintiff Christopher Parks is an individual residing in New York, New York.

3. Plaintiff Danielle Varvaro is an individual residing in Brooklyn, New York.

4. Plaintiff Brad Bosserman is an individual residing in Washington, DC.

5. Upon information and belief, Defendant is a corporation organized under the laws of Florida with a principal place of business located at 622 North Flagler Drive, West Palm Beach, Florida 33401.  Defendant maintains an office in Manhattan, New York where Plaintiffs Varvaro and Parks were employed.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant maintains an office in this district through which the Plaintiffs were employed or with which the Plaintiffs transacted business.

**FACTUAL ALLEGATIONS**

8. Plaintiff Parks was hired by Defendant on December 8, 2022, via a signed employment agreement, to work full-time as Head of Sales.

9. Plaintiff Varvaro was hired by Defendant on January 9, 2023, via a signed employment agreement, to work full-time as Head of Sales.

10. Paragraph 5 of Plaintiffs Parks' and Varvaro's employment agreements provides as follows:

> Should the Company terminate your employment without "Cause" then, the Company shall pay you your base salary for a period of three (3) months if you are terminated during the first twelve (12) months of your employment and six (6) months if you are terminated thereafter, less applicable taxes and withholdings ("Severance"). Severance shall be paid in accordance with Company's regular payroll practice. It shall be a condition precedent to the Company's obligation to provide Severance that, following termination of your employment, you timely execute and do not revoke a full release of claims in a form acceptable to Company. In addition, the Company's obligation to provide Severance shall be contingent upon your continuing compliance with your obligations under the "Non-Disclosure Agreement" (defined below) and other continuing obligations and any right to Severance shall terminate immediately upon a breach of such obligations. "Cause" shall include: (i) your failure, neglect or refusal to perform the material duties of your position; (ii) your willful misconduct or gross negligence with regard to the Company; (iii) your commission of an act or acts constituting a felony or any crime involving theft, embezzlement, fraud, dishonesty or moral turpitude; (iv) your breach of a fiduciary or other legal

duty owed to the Company, or any material breach of the Company's policies and procedures; or (v) your performing acts or condoning activities causing material detriment to the Company's business or reputation.

11. Plaintiff Bosserman was hired by Defendant on April 3, 2023, via a signed employment agreement, to work full-time as Head of Partnerships DC. Upon information and belief, Bosserman's employment agreement was sent to him from Defendant's New York Office.

12. Paragraph 5 of Plaintiff Bosserman's employment agreement provides as follows:

> Should the Company terminate your employment without "Cause", the Company shall pay you your base salary for a period of six (6) months, less applicable taxes and withholdings ("Severance"). Severance shall be paid in accordance with Company's regular payroll practice. It shall be a condition precedent to the Company's obligation to provide Severance that, following termination of your employment, you timely execute and do not revoke a full release of claims in a form acceptable to Company. In addition, the Company's obligation to provide Severance shall be contingent upon your continuing compliance with your obligations under the "Non-Disclosure Agreement" (defined below) and other continuing obligations and any right to Severance shall terminate immediately upon a breach of such obligations. "Cause" shall include: (i) your failure, neglect or refusal to perform the material duties of your position; (ii) your willful misconduct or gross negligence with regard to the Company; (iii) your commission of an act or acts constituting a felony or any crime involving theft, embezzlement, fraud, dishonesty or moral turpitude; (iv) your breach of a fiduciary or other legal duty owed to the Company, or any material breach of the Company's policies and procedures; or (v) your performing acts or condoning activities causing material detriment to the Company's business or reputation.

13. At the time that the aforementioned Employment Agreements were entered into between the Plaintiffs and Defendant, the Defendant did not have any company policy in place.

14. On or about January 31, 2024, Defendant notified all employees, including Plaintiffs Parks, Varvaro, and Bosserman via termination notice that their employment was terminated effective immediately and that they would not receive any severance payments. The

Page 3 of 9

termination notice states that Defendant "will shut down publication immediately. […] Your last day of employment with The Messenger is today. […] There is no entitlement to severance benefits under Company policy."

15. None of the Plaintiffs were bound by a "company policy".

16. Defendant also provided all employees with a document titled "Frequently Asked Questions (Jan 2024)" that stated "[u]nfortunately, there will be no severance." It also stated, "[y]our last paycheck will be on January 31, 2024".

17. Plaintiffs Parks', Varvaro's, and Bosserman's termination was not for "cause" under the Employment Agreements.

18. At the time of Plaintiffs Parks', Varvaro's, and Bosserman's termination, the severance provisions in their Employment Agreements entitled them to severance payments in the amounts of $175,000, $175,000, and $150,000, respectively.

19. Defendant failed and refused to pay Plaintiffs the severance owed under the Employment Agreements, thereby breaching same.

20. As a result of Defendant's breach, Plaintiffs have suffered damages in the amount of the unpaid severance compensation each is owed under the Employment Agreements.

## COUNT I: BREACH OF CONTRACT

21. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully set forth herein.

22. Plaintiffs each entered into a valid and enforceable Employment Agreement with Defendant.

23. The Agreements provide that the Plaintiffs are entitled to a severance pay in an amount certain upon termination other than for "cause."

24. Defendant terminated the Plaintiffs for reasons other than for "cause," thereby entitling each of the Plaintiffs to severance pay.

25. Defendant has failed, and in fact refused, to pay Plaintiffs the severance compensation they are owed under their respective Employment Agreements, thereby breaching same.

26. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages in an amount of the unpaid severance compensation each is owed under their respective Employment Agreements.

## COUNT II: PROMISSORY ESTOPPEL

27. Plaintiffs repeat and reallege the allegation set forth in the above paragraphs as if fully set forth herein.

28. In hiring Plaintiffs, Defendant made clear and unambiguous promises to Plaintiffs, including but not limited to the promise of severance pay in an amount identified in their respective Employment Agreements.

29. Plaintiffs relied on these promises in deciding to accept employment with Defendant, thereby foregoing other opportunities and altering their respective positions based on the expectation of financial security provided by the severance pay promise.

30. Plaintiffs' reliance on Defendant's promises was reasonable and foreseeable by Defendant, given the explicit terms of the Employment Agreements and the nature of the promises made.

31. Defendant's refusal to pay the promised severance constitutes a breach of the promises made to Plaintiffs, which were a significant factor in Plaintiffs' decision to enter into their Employment Agreements.

32. As a direct and proximate result of Defendant's breach of its promises, Plaintiffs have suffered damages, including but not limited to the loss of severance pay in the amounts Plaintiffs reasonably expected to receive based on Defendant's promises.

33. Under the doctrine of promissory estoppel, Defendant is estopped from refusing to fulfill its promises of severance pay to Plaintiffs, as Plaintiffs relied on these promises to their detriment.

34. Therefore, Plaintiffs are entitled to relief under the doctrine of promissory estoppel, including but not limited to damages in the amount of the promised severance pay plus interest, costs, and any further relief the Court deems just and proper.

## COUNT III:
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

35. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully set forth herein.

36. An implied covenant of good faith and fair dealing is inherent in all contracts under the laws of New York, including the Employment Agreements between Plaintiffs and Defendant.

37. This covenant requires that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

38. Defendant, by refusing to pay the severance as promised in the Employment Agreements, has acted in bad faith and in violation of the implied covenant of good faith and fair dealing.

39. The actions of Defendant in refusing to honor the terms of the Employment Agreements, specifically the provision regarding severance pay, have deprived each Plaintiff of the benefits of the Employment Agreement that they reasonably expected when entering into same.

40. Plaintiffs relied on the good faith performance and enforcement of the Employment Agreements, including the provision for severance pay, which was a significant factor in their decision to enter into the Employment Agreements with Defendant.

41. Defendant's conduct in refusing to provide the promised severance pay, constitutes a breach of the implied covenant of good faith and fair dealing.

42. As a direct and proximate result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages, including but not limited to the loss of severance pay, which they were entitled to under the terms of the Employment Agreements.

43. Therefore, Plaintiffs are entitled to damages for Defendant's breach of the implied covenant of good faith and fair dealing, in an amount to be determined at trial, along with interest, costs, and any further relief this Court deems just and proper.

## COUNT IV: UNJUST ENRICHMENT

44. Plaintiffs repeat and reallege the allegations set forth in the above paragraphs as if fully set forth herein.

45. Plaintiff provided services to Defendant as employees pursuant to their respective Employment Agreements.

46. Defendant has retained the value of Plaintiffs' services without compensating each pursuant to the severance provision of their respective Employment Agreements.

47. Defendant's retention of the full benefit of Plaintiffs' services without paying their respective severance under the Employment Agreements is inequitable and unjustly enriches Defendant at Plaintiffs' expense.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Awarding Plaintiff Varvaro damages in the amount of $175,000;

B. Awarding Plaintiff Parks damages in the amount of $175,000;

C. Awarding Plaintiff Bosserman damages in the amount of $150,000;

D. Awarding Plaintiffs pre-judgment and post-judgment interest;

E. Awarding Plaintiffs the costs and disbursements of this action, including reasonable attorneys' fees; and

F. Granting such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: February 23, 2024
New York, New York

**MANCILLA & FANTONE LLP**

By: */s/ Andrew Mancilla*
Andrew Mancilla, Esq.
260 Madison Avenue – 22nd Floor
New York, New York 10016
Phone: (646) 225-6686

Fax: (646) 655-0269
andrew@law-mf.com